1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| ALBERTO HERNANDEZ, ) | Case No. CV 15-9468-JEM |
|               Petitioner, ) | |
|       v. ) | MEMORANDUM OPINION AND ORDER |
| KAMALA D. HARRIS, et al., ) | |
|              Respondents. ) | |

17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

On December 8, 2015, Alberto Hernandez ("Petitioner"), a federal prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  On February 4, 2016, Respondent filed a Motion to Dismiss the Petition. On April 14, 2016, Petitioner filed an Opposition.  Respondent did not file a Reply.  The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Motion to Dismiss should be granted.

## PROCEDURAL HISTORY

On March 16, 2001, in Los Angeles County Superior Court case number VA063323, Petitioner pled guilty to possession for sale of cocaine base (Cal. Health & Safety Code § 11351.5).  (Respondent's Lodged Document ("LD") 1.)  On April 17, 2001, the trial court

sentenced Petitioner to a total state prison term of five years, but suspended the sentence upon successful completion of three years of probation.  (LD 2 at 4.)  Petitioner did not appeal.  (Pet. at 2.)  On December 5, 2002, the court found Petitioner in violation of probation and sentenced him to five years in state prison.  (LD 3.)

On February 2, 2010, in the United States District Court for the Central District of California, case number CR 07-0202-DOC, Petitioner was sentenced to life in federal prison plus 384 months.  (Pet. Memo at 3; United States v. Hernandez, Case No. CR 07-0202-DOC, Docket No. 1440.)

The instant Petition was filed on December 8, 2015.

## DISCUSSION

## I.   Petitioner Was Not In Custody With Respect to Los Angeles County Superior Court Case Number VA063323 at the Time the Petition Was Filed.

Petitioner is a federal inmate who is in custody on a 2010 federal sentence and is incarcerated at the United States Penitentiary in Hazelton, West Virginia.  (Pet. at 1; Pet. Memo. at 3.)  According to Petitioner, his 2010 federal sentence was enhanced by his California state-court conviction in case number VA063323.  (Pet. Memo. at 3.)

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also 28 U.S.C. §§ 2241(c)(3), 2254(a).  A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired."  However, the "in custody" requirement of 28 U.S.C. § 2254(a) is satisfied where a petitioner is on parole. See Maleng, 490 U.S. at 491; Jones v. Cunningham, 371 U.S. 236, 237-38 (1963).

Here, Petitioner was sentenced to five years in state prison on December 5, 2002. Even if he had served his full term, he would have been released in 2007.  And by operation of law, parole would have been completed, at the latest, in 2010.  See Cal. Penal Code § 3000 (parole not to exceed three years for first-time drug offenders such as Petitioner).  In any event, by February 2, 2010, Petitioner was in federal custody.  (See Pet.

2

Memo. at 3.)  Thus, the Court lacks jurisdiction over this matter and the Petition must be dismissed, as Petitioner was not in state custody at the time the action was commenced. See Maleng, 490 U.S. at 491.

**II.  Petitioner Cannot Collaterally Challenge His Conviction in Case Number VA063323 Even Though It May Have Been Used to Enhance His Federal Sentence.**

To the extent that Petitioner seeks relief from his federal conviction on the basis that his sentence in that case was unlawfully enhanced by his conviction in case number VA063323, he is precluded from obtaining relief by the rule set forth in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001).

In Lackawanna, the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04.  However, there is an exception to this general rule where the prior conviction was obtained in violation of the Sixth Amendment right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963).  See Lackawanna, 532 U.S. at 404.  The Supreme Court also left open the possibility of two other exceptions: (1) where the defendant cannot be faulted for failing to obtain timely review of a constitutional claim (e.g., where a state court, "without justification, refuses to rule on a constitutional claim that has been properly presented to it"), and (2) where, after the time for direct or collateral review has expired, the defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." See id. at 405.  The Ninth Circuit has recognized the former example as an exception to the Lackawanna bar.  Dubrin v. California, 720 F.3d 1095, 1098-1100 (9th Cir. 2013) (recognizing exception to Lackawanna where a state court had, "'without

1  justification, refuse[d] to rule on a constitutional claim that has been properly presented to

2  it'").

3      Here, to the extent that Petitioner is not directly challenging his conviction in case

4  number VA063323, but rather is challenging his federal conviction on the basis that the

5  sentence imposed in the latter case was enhanced by the conviction in the former case, the

6  rule set forth in Lackawanna clearly precludes relief.  None of the possible exceptions

7  referred to by the Court in Lackawanna apply here, as there is no claim that Petitioner was

8  completely denied the right to counsel in the prior case, no allegation or showing that any

9  state court refused to rule on any claim, and only exceedingly weak evidence of actual

10  innocence.[1]  Accordingly, Lackawanna bars habeas relief to the extent that Petitioner is

11  attempting to challenge the federal sentence as enhanced by his conviction in case number

12  VA063323.

13                                    * * *

14      Because Petitioner is not in state custody and is improperly collaterally attacking a

15  prior conviction, the Petition must be dismissed with prejudice.

16

17

18

19
_____

20      [1] Petitioner attempts to assert an actual innocence claim based on the alleged confession of
21  Antonio Calderon-Navarrette that he was the owner of the drugs at issue in case number VA063323.
    (Pet. Memo at 2-4; Opposition at 1-2.)  However, Petitioner's actual innocence claim does not
22  render the Petition justiciable in this Court.  It does not appear that a petitioner may use the actual
    innocence gateway set forth in Schlup v. Delo, 513 U.S. 298, 324 (1995), to challenge a prior
23  conviction that has been used to enhance a sentence.  Tuggle v. Campbell, 26 F. App'x 56, 58 (9th
    Cir. 2007).  Moreover, Petitioner cannot meet the standards set forth in Schlup.  As the Supreme
24  Court has noted, claims of actual innocence are rarely successful.  Schlup v. Delo, 513 U.S. 298,
    324 (1995); see also Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) (noting that, "in virtually
25  every case, the allegation of actual innocence has been summarily rejected").  A valid claim of
    actual innocence requires that a petitioner introduce new, reliable evidence, such as exculpatory
26  scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, proving he is
    factually innocent.  Schlup, 513 U.S. at 324.  Petitioner has failed to do so.  He admits that he was
27  aware of Calderon-Navarrette's alleged confession in 2001, before he pled guilty in case number
    VA063323 and, therefore, his evidence is not new.  Moreover, even if his evidence could be
28  considered new, it is suspect and is not credible or reliable.

## <u>ORDER</u>

IT IS HEREBY ORDERED that (1) Respondent's Motion to Dismiss is granted, and (2) Judgment shall be entered dismissing this action with prejudice.


DATED: <u>April 29, 2016</u>                          <u>         */s/ John E. McDermott*         </u>
                                                                JOHN E. MCDERMOTT
                                                                UNITED STATES MAGISTRATE JUDGE